UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MILLENNIUM LABORATORIES, INC.,  :
                                :
                    Plaintiff,  :  Civil Action
                                :  No: 13-11727-RWZ
            v.                  :
                                :
AMERITOX, LTD.,                 :
                                :
                    Defendant.  :
                                :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF MILLENNIUM LABORATORIES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
<u>COMPEL DEFENDANT AMERITOX, LTD. TO PRODUCE DOCUMENTS</u>**

Dated: Boston, Massachusetts          James R. Carroll
       September 20, 2013             Peter Simshauser
                                      Christopher A. Lisy
                                      SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
                                      One Beacon Street
                                      Boston, Massachusetts 02018
                                      (617) 573-4800
                                      James.Carroll@skadden.com
                                      Peter.Simshauser@skadden.com
                                      Christopher.Lisy@skadden.com

                                      *Counsel for Plaintiff
                                      Millennium Laboratories, Inc.*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 1 |
|     1. Millennium's Complaint | 1 |
|     2. Ameritox Rejected Millennium's Attempts To Schedule A Rule 26(f) Conference | 3 |
|     3. Ameritox's Refusal To Produce Any Documents In Response To Millennium's Document Requests | 3 |
| ARGUMENT | 5 |
| I. AMERITOX HAS FLOUTED ITS OBLIGATION TO PARTICIPATE IN A RULE 26(F) CONFERENCE "AS SOON AS PRACTICABLE" | 5 |
|     A. Ameritox Has Plainly Violated The Rule | 5 |
|     B. Ameritox's Motion To Dismiss And The Lack Of A Scheduled Rule 16 Conference Do Not Excuse Ameritox's Failure To Comply With Rule 26 | 6 |
| II. AMERITOX'S ATTEMPT UNILATERALLY TO STAY DISCOVERY SHOULD BE REJECTED | 7 |
| III. THE REQUESTED DOCUMENTS PLAINLY ARE DISCOVERABLE | 8 |
|     A. The Documents Sought Are Unquestionably Relevant | 9 |
|     B. Ameritox Has Not Established That Any Privilege Applies | 10 |
|     C. Ameritox Has Not, And Cannot, Establish That Production Imposes An Undue Burden | 11 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Aponte-Navedo v. Nalco Chem. Co.*,
    5268 F.R.D. 31 (D.P.R. 2010) ..................................................................................11, 12

*Black v. Sheraton Corp. of Am.*,
    564 F.2d 531 (D.C. Cir. 1977) ..............................................................................................11

*Dunmore v. Dunmore*,
    No. 2:11-cv-2867 MCE AC PS, 2013 WL 3872785 (E.D. Cal. July 25, 2013) .................6

*Evans v. Yum Brands, Inc.*,
    326 F. Supp. 2d 214 (D.N.H. 2004) .....................................................................................8

*Geiser v. Simplicity, Inc.*,
    No. 5:10-CV-21, 2011 WL 128776 (N.D. W. Va. Jan. 14, 2011) ......................................8

*Gray v. First Winthrop Corp.*,
    133 F.R.D. 39 (N.D. Cal. 1990) .......................................................................................7, 8

*ING Bank, fsb v. Fazah*,
    No. CIV S-09-1174, WBS EFB PS, 2009 WL 3824751 (E.D. Cal. Nov. 16, 2009).......5, 6

*In re Grand Jury Subpoena (Mr. S.)*,
    662 F.3d 65 (1st Cir. 2011) ..................................................................................................11

*Kozlowski v. Sears, Roebuck & Co.*,
    73 F.R.D. 73 (D. Mass. 1976).................................................................................................8

*Mack-University LLC v. Halstead*,
    No. SA CV 07-393 DOC (ANx), 2007 WL 4458823 (C.D. Cal. Sept. 25, 2007)...............5

*Nat'l Org. for Marriage v. McKee*,
    Civil No. 09-538-B-H, 2010 WL 598646 (D. Me. Feb. 17, 2010) .....................................7

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) ................................................................................................................9

*Shock v. CDI Affiliated Servs., Inc.*,
    No. CV-09-635-S-BLW, 2010 WL 672148 (D. Id. Feb. 20, 2010) ...................................6

*TSM Assocs., LLC v. Tractor Supply Co.*,
    No. 08-CV-230-JHP-FHM, 2008 WL 2404818 (N.D. Okla. June 11, 2008) ...................7

*Turner Broad. Sys., Inc. v. Tracinda Corp.*,
    175 F.R.D. 554 (D. Nev. 1997) ...................................................................................7

*United States v. Winner*,
    641 F.2d 825 (10th Cir. 1981) .................................................................................11

*Whittingham v. Amherst College*,
    164 F.R.D. 124 (D. Mass. 1995) ...............................................................................9

*Williams v. New Day Farms, LLC*,
    No. 2:10-cv-0394, 2010 WL 3522397 (S.D. Ohio Sept. 7, 2010) .............................7

**<u>Rules</u>**     **<u>Page(s)</u>**

Fed. R. Civ. P. 26(b) ........................................................................................................9

Fed. R. Civ. P. 26(b)(5) ..................................................................................................11

Fed. R. Civ. P. 26(f)(1) ....................................................................................................5

Fed. R. Civ. P. 26(f)(2) ....................................................................................................5

Fed. R. Civ. P. 37(f) .........................................................................................................5

**PRELIMINARY STATEMENT**

Defendant Ameritox, Ltd. ("Ameritox") should be compelled to produce documents pursuant to Millennium's First Request for the Production of Documents (Declaration of Peter Simshauser ("Simshauser Decl."), Ex. 1.) Ameritox's counsel have flatly refused to conduct the case management conference mandated by Rule 26(f) "as soon as practicable," as required by the rule. Having rebuffed all of Millennium's attempts to hold the conference, Ameritox cynically has objected to Millennium's document requests as "premature because the parties have not yet conferred under Federal Rules of Civil Procedure 26(f)."

The Court should reject Ameritox's attempt inappropriately to manipulate the discovery schedule, and should order immediate production of responsive documents, which go to central issues in the case. Ameritox likely will attempt to argue that its discovery obligations should be excused because an initial scheduling conference pursuant to Rule 16 and Local Rule 16.1 has not been calendared and/or Ameritox has filed a motion to dismiss. These facts are of no consequence under the plain language of Rules and case law interpreting them. Ameritox seeks simply to stay discovery while its motion to dismiss is pending. But as the Rules and relevant precedents establish that is not appropriate and discovery should proceed.

Ameritox's additional, boilerplate objections have no merit. (Simshauser Decl., Ex. 2.)

**BACKGROUND**

1. **Millennium's Complaint**

On July 17, 2013, Millennium filed this action, seeking injunctive relief and damages for Ameritox's unfair and deceptive trade practices stemming from its attempts to disparage Millennium in the hopes of retaining its dwindling market share in the urine drug

1

screening industry.[1]  (*See* Complaint (Docket No. 1)).)  Millennium alleges that Ameritox, and its agents and representatives, improperly encouraged an investigation of Millennium's business practices by the United States Attorney's Office in Boston, Massachusetts.  (*Id.* ¶ 1.)  Millennium also alleges that Ameritox not only encouraged the Massachusetts Investigation, but has publicized it, including through the dissemination of false and misleading statements about it, to customers and potential customers as a means of retaining or gaining business from physicians in need of urine drug testing services.  (*Id.* ¶¶ 21, 25-27, 29.)  At the same time, Ameritox has misled physicians regarding its own compliance program and the Corporate Integrity Agreement it was forced to enter with the Office of the Inspector General of the Department of Health and Human Services.  (*Id.* ¶¶ 28, 34.)  Millennium also alleges that Ameritox has disparaged it through encouragement and funding of baseless litigations filed in various courts throughout the country by former Millennium employees and other Millennium competitors.  (*Id.* ¶¶ 22-24, 32.)  As with the Massachusetts Investigation, Ameritox has also publicized, or arranged for others to publicize, these other litigations in an attempt to persuade physicians to utilize Ameritox's services rather than Millennium's.  (*Id.* ¶¶ 25-26, 32-37.)[2]

Millennium seeks damages for common law tortious interference with business relations and unfair competition, and injunctive relief and damages for violations of the Lanham Act and the unfair competition laws of several states.

---

[1]  Service of the Complaint was effected, and courtesy copies of the Complaint were provided to counsel for Ameritox, on the following day.

[2]  Millennium also alleges that Ameritox, despite its Corporate Integrity Agreement, still engages in the provision of illegal kickbacks to physicians, again as a means to retain or gain customers.  (*Id.* ¶¶ 39, 41, 43.)

## 2. Ameritox Rejected Millennium's Attempts To Schedule A Rule 26(f) Conference

In late July, after counsel for Ameritox had requested a 90-day extension of time to respond to the Complaint, counsel for Millennium advised that it was willing to grant a "reasonable extension" and proposed that the parties conduct a Rule 26(f) conference on or before August 14, 2013. (Simshauser Decl., ¶ 5 and Ex. 3.)

Counsel for Ameritox flatly refused to schedule the Rule 26(f) conference, and stated, "[a]t this time, we are not willing to set a deadline for a Rule 26(f) conference." (Simshauser Decl., ¶ 6 and Ex. 4.) When counsel for Millennium responded again asking to schedule a Rule 26(f) conference, noting that such a conference is required "as soon as practicable" by Rule 26(f)(1), counsel for Ameritox failed to respond. (Simshauser Decl., ¶ 7 and Ex. 5.)[3]

## 3. Ameritox's Refusal To Produce Any Documents In Response To Millennium's Document Requests

In light of Ameritox's refusal to schedule the Rule 26(f) conference, Millennium served its Initial Disclosures Pursuant to Rule 26(a) and its First Requests for the Production of Documents on Ameritox, on August 12, 2013. Millennium's requests seek documents relevant to Ameritox's instigation and/or encouragement of the Massachusetts Investigation, Ameritox's involvement with or funding of other litigations against Millennium, and Ameritox's efforts to publicize the Massachusetts Investigations and other litigations. These documents are unquestionably relevant to Millennium's claims against Ameritox.

---

[3] In order to prevent needless motion practice or further delay the progress of the litigation, however, Millennium agreed not to oppose a motion by Ameritox requesting 45 days to respond to Millennium's Complaint. (*Id.*) Accordingly, Ameritox filed and served its motion to dismiss on September 3, 2013. (Docket No. 13.)

After serving the document requests, Millennium did not hear from Ameritox again until September 10, 2013, the day before Ameritox's responses were due. Ameritox sought an extension of time to respond to the requests until the *later* of 30 days after a Rule 16 conference or the Court's decision on Ameritox's pending motion to dismiss. (Simshauser Decl., ¶ 8 and Ex. 6.)

On September 11, 2013, after counsel for Millennium again noted Ameritox's refusal to discuss scheduling a Rule 26(f) conference, Ameritox served objections to Millennium's document requests. Ameritox has refused to produce any responsive documents, and instead has lodged essentially the same lengthy boilerplate objection to each of Millennium's requests. (Simshauser Decl., Ex. 2.) Each objection concludes by stating that discovery is premature because the parties have not conducted the Rule 26(f) conference that Ameritox has refused to schedule:

> Ameritox further objects to this request as premature because the parties have not yet conferred under Federal Rule of Civil Procedure 26(f) and this request is improper under Federal Rule of Civil Procedure 26(d)(1). Ameritox thus will not respond to Millennium's improperly premature request.

(*Id.* (emphasis added).)

Pursuant to Local Rules 7.1 and 37.1, the parties met and conferred on September 17, 2013 at 3:30 p.m. in an attempt to narrow or resolve the issues presented herein.[4] Ameritox's counsel again refused to schedule or conduct a Rule 26(f) conference or produce documents, taking the position that they have no obligation to participate in a Rule 26(f) conference at this time. (Simshauser Decl., ¶ 9.)

---

[4] Peter Simshauser and Justin Engel were present for Millennium, and Michael Osterhoff and Heather Boice were present for Ameritox.

4

**ARGUMENT**

Ameritox's refusal to conduct a Rule 26(f) conference and respond to document requests violates its obligations under the Federal Rules.

**I.     AMERITOX HAS FLOUTED ITS OBLIGATION TO PARTICIPATE IN A RULE 26(F) CONFERENCE "AS SOON AS PRACTICABLE"**

    **A.     Ameritox Has Plainly Violated The Rule**

Rule 26(f)(1) requires that "the parties *must confer as soon as practicable* -- and in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added.) Rule 26(f)(2) provides that counsel are "jointly responsible for arranging the conference" to occur. Fed. R. Civ. P. 26(f)(2).

Refusing to schedule a Rule 26(f) conference simply is not an option. Failure to respond to or cooperate with requests for a conference supports an order compelling the non-cooperating party to participate, and can result in imposition of sanctions. *E.g.*, *ING Bank, fsb v. Fazah*, No. CIV S-09-1174, WBS EFB PS, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009) (ordering non-cooperative defendant to participate in Rule 26(f) conference); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, at *5 (C.D. Cal. Sept. 25, 2007). Indeed, Rule 37 provides that if "a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(f).

Here, Millennium took the initiative to attempt to schedule a Rule 26(f) conference. Ameritox's counsel instead flatly refused to engage with Millennium's counsel, stating categorically that they were "not willing to set a deadline for a Rule 26(f) conference." (Simshauser Decl., ¶ 6 and Ex. 4.) After being reminded of its obligations under the Rule,

5

counsel for Ameritox noted simply that it disagreed with Millennium's position and otherwise ignored the issue. (Simshauser Decl., ¶ 7 and Ex. 5.)

Ameritox has *never* disputed that a Rule 26(f) conference was "practicable." Rather, it inappropriately has sought to effectively stay discovery until after the Court decides its motion to dismiss.

> **B.    Ameritox's Motion To Dismiss And The Lack Of A Scheduled Rule 16 Conference Do Not Excuse Ameritox's Failure To Comply With Rule 26**

Nothing in Rule 26(f) requires a decision on a pending motion to dismiss before the parties conduct a conference. *See, e.g.*, *Dunmore v. Dunmore*, No. 2:11-cv-2867 MCE AC PS, 2013 WL 3872785, at *2 (E.D. Cal. July 25, 2013) ("Rule 26(f), however, does not have a requirement that the conference take place after all parties have been 'served, defaulted, or answered.' Rather, Rule 26(f) states that '[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference . . . .'). As the Committee Notes to the 1993 Amendments to the Federal Rules -- which made Rule 26(f) conferences mandatory -- note, "[t]he obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Many courts have granted motions compelling participation in a Rule 26(f) conference where defendants have failed to meet their obligation because of a pending motion to dismiss. *E.g.*, *Shock v. CDI Affiliated Servs., Inc.*, No. CV-09-635-S-BLW, 2010 WL 672148, at *6 (D. Id. Feb. 20, 2010) (granting motion to compel attendance at Rule 26(f) conference); *ING Bank, fsb. v. Fazah*, No. CIV S-09-1174 WBS EFB PS, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009) (granting motion to

compel participation in 26(f) conference despite defendant's assertion that he did not initially do so because of a pending motion to dismiss).

Similarly, although a Rule 26(f) conference must occur *at least* 21 days prior to a Rule 16 scheduling conference, that is only an *outer* limit and does nothing to alter the Rule 26(f)(1)'s requirement that the conference occur as soon as practicable.

## II. AMERITOX'S ATTEMPT UNILATERALLY TO STAY DISCOVERY SHOULD BE REJECTED

Ameritox's refusal to even discuss the scheduling of a Rule 26(f) conference is a transparent attempt to stay discovery de facto while its motion to dismiss is pending. The Federal Rules, however, do not allow a stay in this situation. As one court has stated, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010).

Stays of discovery while a motion to dismiss is pending are disfavored except when specifically authorized by statute or rule, or in unusual circumstances upon a showing of "good cause." *See Nat'l Org. for Marriage v. McKee*, Civil No. 09-538-B-H, 2010 WL 598646, at *1 (D. Me. Feb. 17, 2010) ("The plaintiffs' motion to stay discovery pending resolution of facial challenges is DENIED," in part because "it would not contribute to judicial economy."); *TSM Assocs., LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) ("[s]taying discovery during the pendency of a motion to dismiss is not the usual course" absent some compelling reason presented to the Court by the requesting party); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.").

7

Even where the motion may be dispositive of some or all issues in the case, courts deny requests for stays of discovery. In *Gray v. First Winthrop Corp.*, certain defendants moved to stay discovery due to their pending, or imminent, motions to dismiss the allegations against them. 133 F.R.D. 39 (N.D. Cal. 1990). The defendants argued that they were likely to succeed on their respective motions to dismiss, and therefore discovery would be "premature, burdensome, and inefficient." *Id.* at 40. The Court noted that, "[e]ssentially what defendants seek in this motion is an opportunity to litigate prematurely the sufficiency of the complaint," and accordingly denied the motion to stay. *Id.* In so holding, the Court stated that "a stay [pending a motion to dismiss], where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion." *Id.*; *see also Geiser v. Simplicity, Inc.*, No. 5:10-CV-21, 2011 WL 128776, at *4 (N.D. W. Va. Jan. 14, 2011) ( "[O]ne cannot know when the dispositive motion will be decided" and "no matter how strongly [movant's] counsel believes in the merits of her position, there is no guaranteed outcome of any legal matter."); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. 2004) ("A defendant's confidence that it will prevail on a dispositive motion does not in and of itself justify holding discovery in abeyance.").

### III. THE REQUESTED DOCUMENTS PLAINLY ARE DISCOVERABLE

Ameritox's other boilerplate objections to Millennium's requests in no way meet its burden to show why responsive documents should not be produced. *E.g.*, *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) (Under Rule 34, "the party from whom discovery is sought has the burden of showing some sufficient reason why discovery should not

be allowed, once it has been determined that the items sought are properly within the scope of Rule 26(b)"). Ameritox's boilerplate objections include the following:

> Ameritox objects to the request as irrelevant, vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Ameritox further objects to this request because the term "health care provider" is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Ameritox further objects to this request because it is not limited to a relevant time period. Ameritox further objects to this request to the extent it is not limited to information in the possession, custody, or control of Ameritox. Ameritox further objects to this request to the extent it calls for information that is protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or is otherwise subject to the work product doctrine, the common interest doctrine or privilege, the allied litigant privilege, the joint defense privilege, the journalist's or researcher's privilege, the informer's privilege, the law enforcement investigation privilege, the ongoing investigation privilege, the government investigation privilege, or any other applicable rights, privilege, or immunity. Ameritox further objects to this request as duplicative. Ameritox further objects to this request to the extent it calls for a legal conclusion. Ameritox further objects to this request because it seeks confidential and proprietary information that would be produced only subject to a mutually agreeable and Court-approved protective order. . . .

(Simshauser Decl., Ex. 2, at 11-12.)[5] Ameritox's litany of conclusory objections do not suffice.

### A. The Documents Sought Are Unquestionably Relevant

Rule 26(b) clearly defines the scope of permissible discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). It is well-settled that the term "relevant" in Rule 26(b) encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) ("[R]elevancy must be

---

[5] Ameritox's responses to each of Millennium's requests contain essentially the same lengthy recitation of objections. (*Id.*)

9

broadly construed at the discovery stage, that is, information is discoverable if there is any possibility it might be relevant to the subject matter of the action." (citation omitted)).

There can be no dispute that the requested documents are relevant. As noted above, Millennium has brought claims against Ameritox under various state and federal unfair competition laws alleging that Ameritox has unfairly and improperly interfered with Millennium's business by disparaging Millennium and engaging in unlawful business practices. Millennium therefore sought documents concerning Ameritox's disparagement of Millennium. For example, Millennium alleges that Ameritox has encouraged and funded litigations against Millennium by former employees of Millennium and by Millennium competitors, and then publicized these litigations such that Millennium's customers and potential customers would see them. (Docket No. 1, ¶¶ 22-26, 32-37.) Accordingly, Millennium's document requests seek documents related to Ameritox's decision to reach out to former Millennium employees, Ameritox's contact with former Millennium employees and other Millennium competitors, documents evidencing any relationship between Ameritox and such former employees or competitors, documents evidencing any payments made by Ameritox to such former employees or competitors, and documents related to Ameritox's efforts to publicize these litigations. Because Millennium's requests are targeted specifically to the allegations in its Complaint, the documents are undeniably relevant to Millennium's claims.

### B. Ameritox Has Not Established That Any Privilege Applies

Ameritox's litany of privilege objections are mostly inapplicable and unavailable to Ameritox. In addition to the attorney-client privilege and work product doctrine, Ameritox claims "the common interest doctrine or privilege, the allied litigant privilege, the joint defense privilege, the journalist's or researcher's privilege, the informer's privilege, the law enforcement

investigation privilege, the ongoing investigation privilege, the government investigation privilege, or any other applicable rights, privilege, or immunity."  (Simshauser Decl., Ex. 2.)

Ameritox has failed to make any showing that the documents it is withholding are protected by any of its claimed privileges, making only generic, unsubstantiated assertions, and therefore has not met its burden to show that any and all privileges asserted related to documents at issue in this Motion actually apply.  *See In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011) ("Whatever quantum of proof is necessary to satisfy [the] obligation [to carry the burden of persuasion on privilege], a blanket assertion of privilege is generally insufficient."). Ameritox has not asserted specific privileges over any particular documents, but has instead refused to produce any documents pursuant to a boilerplate objection claiming nearly a dozen privileges.  Ameritox cannot plausibly claim that all documents responsive to all of Millennium's requests are privileged.  Furthermore, were Ameritox to claim privileges for otherwise responsive documents, it would be required to produce a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5) -- which it has not done.

Moreover, Ameritox has claimed privileges that it obviously does not hold.  As but one example, Ameritox has claimed a variety of government investigation and law enforcement privileges.  Even assuming that such privileges could be applicable here, which they are not, it is the *government*, not a private litigant, that holds and can claim the privilege.  *See, e.g.*, *United States v. Winner*, 641 F.2d 825, 832 (10th Cir. 1981) (citing *Black v. Sheraton Corp. of Am.*, 564 F.2d 531 (D.C. Cir. 1977)).

## C. Ameritox Has Not, And Cannot, Establish That Production Imposes An Undue Burden

Ameritox also objects to Millennium's requests on the grounds that they are "vague, ambiguous, overbroad, [and] unduly burdensome."  (Simshauser Decl., Ex. 2.)

11

Ameritox has failed to meet its burden with respect to proving that production would be unduly burdensome. As one court in this circuit has noted, "[t]he party resisting production bears the burden of establishing lack of relevancy or undue burden. . . . [T]he 'mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection.'" *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 36 (D.P.R. 2010) (citation omitted). Ameritox's superficial response does not make the specific showing necessary to sustain its objection. *Id.*

## CONCLUSION

For the foregoing reasons, Millennium respectfully requests that this Court grant its Motion and compel Ameritox to produce the requested documents within 14 days of its order. Millennium additionally requests that the Court schedule an initial schedule conference pursuant to Rule 16 and Local Rule 16. 1, and order Ameritox to participate in a Rule 26(f) conference with Millennium within 14 days.

Dated: Boston, Massachusetts
September 20, 2013

Respectfully submitted,

/s/ Peter Simshauser
James R. Carroll (BBO #554426)
Peter Simshauser (BBO #665153)
Christopher A. Lisy (BBO #662283)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02018
(617) 573-4800
James.Carroll@skadden.com
Peter.Simshauser@skadden.com
Christopher.Lisy@skadden.com

*Counsel for Plaintiff*
*Millennium Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I, Peter Simshauser, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 20, 2013.

Dated: September 20, 2013     /s/ Peter Simshauser
                              Peter Simshauser

12