UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MILLENNIUM LABORATORIES, INC.,

Plaintiff,

v.

AMERITOX, LTD.,

Defendant.

Civil Action No. 1:13-cv-11727

**DEFENDANT AMERITOX, LTD.'S OPPOSITION TO
PLAINTIFF MILLENNIUM LABORATORIES, INC.'S MOTION
TO COMPEL DEFENDANT AMERITOX, LTD. TO PRODUCE DOCUMENTS**

Dated:          October 4, 2013
                Boston, MA

Paul W. Shaw
Stacey L. Gorman
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
paul.shaw@klgates.com
stacey.gorman@klgates.com

Michael R. Osterhoff
Adam L. Marchuk
Heather A. Boice
PERKINS COIE LLP
131 S. Dearborn Street
Suite 1700
Chicago, IL 60603-5559
(312) 324-8500
MOsterhoff@perkinscoie.com
AMarchuck@perkinscoie.com
HBoice@perkinscoie.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ i

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND ............................................................................................2

    A.    Litigation History Between the Parties and the Similarity Between Millennium's Claims Against Ameritox..........................................................2

            1.    The Florida litigation ...............................................................3
            2.    The Nebraska litigation.............................................................4
            3.    The California Litigation ...........................................................4
            4.    The Current Massachusetts Litigation .......................................5

    B.    Millennium's Attempt to Condition an Extension of Time to Respond with the Rule 26(f) Conference..........................................................5
    C.    Discovery Sought By Millennium and Ameritox's Objections.............................7

III. ARGUMENT ...................................................................................................7

    A.    Millennium's Motion to Compel Discovery Is Improper because a Rule 26(f) Conference Has Not Occurred and Is Premature. ...........................................7

            1.    The deadline for a Rule 26(f) conference has not yet passed. ....................7
            2.    Millennium cannot unilaterally control the timing of the Rule 26(f) conference. .....................................................................8
            3.    The scheduling of a discovery conference is not and has never been practicable. .....................................................................9
            4.    No Rule 26(f) conference should occur during the pendency of Ameritox's Motion to Dismiss.................................................11

    B.    Millennium's Motion to Compel Should Be Denied because Its Service of Discovery Violated Rule 26(d)(1). ...................................................12

            1.    Rule 26(d) prohibits discovery before a Rule 26(f) conference. ..............12
            2.    Millennium cannot demonstrate any good cause to expedite discovery under Rule 26(d)(1). ..........................................14

    C.    Millennium Failed to Meet Its Burden to Show Any Correlation Between Its Document Requests and the Claims and Defenses Pending in This Case.................................................................................15

IV. CONCLUSION.................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*Alpha Kappa Alpha Sorority Inc. v. Converse Inc.*,
    175 Fed. Appx. 672 (5th Cir. 2006)...................................................................... 11

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
    244 F.3d 189 (1st Cir. 2001)............................................................................... 16

*Bettencourt v. Board of Reg. in Med.*,
    721 F. Supp. 382 (D. Mass. 1989) ....................................................................... 13

*Brinkley v. South Car. Dep't of Corr.*,
    No. 6:07-3626, 2008 WL 786271 (D.S.C. Mar. 21, 2008)................................... 12

*Citizens for Responsibility and Ethics v. Exec. Office of the President*,
    No. 07-1707, 2008 WL 29321733 (D.D.C. July 29, 2008) ........................... 8, 13

*Coit v. Sutton Funding LLC*,
    No. 10-0436, 2010 WL 2573368 (D. Ari. Jun. 22, 2010)................................... 12

*Edgenet, Inc. v. Home Depot USA, Inc*,
    259 F.R.D. 385 (E.D. Wis. 2009) ........................................................................ 14

*Estelle v. FMC Technologies*,
    No. 07-01559, 2007 WL 3231542 (E.D. La. Oct. 29, 2007) ............................. 14

*Felix v. Donnelly*,
    No. 12-10997, 2012 Wl 4936499 (D. Mass. Oct. 11, 2012) ............................. 13

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
    333 F.3d 38 (1st Cir. 2003)................................................................................. 11

*In re Subpoena to Witzel*,
    531 F.3d 113 (1st Cir. 2008)............................................................................... 16

*ING Bank, FSB v. Fahaz*, No. CV-S-09-1174, 2009 WL 3824751 (E.D. Cal. Nov. 16,
    2009) .................................................................................................................... 8

*J.J. Reidy & Co., Inc. v. Airwater Corp.*,
    No. 05-40049-FDS, 2005 WL 3728726 (D. Mass. Sept. 27, 2005) ................... 13

*Laughlin v. Orthfix Int'l, N.V.*,
    No. 05-10557, 2013 WL 1458018 (D. Mass. April 10, 2013).................... 12, 14

*Mack University, LLC v. Halstead*,
    No. SA-CV-07-393, 2007 WL 4458823 (C.D. Cal. Sept. 25, 2007) ................. 8

*Momenta Pharms., Inc. v. Teva Pharms. Inds. Ltd.*,
    765 F. Supp. 2d 87 (D. Mass. 2011) .............................................................. 14, 15

*Nat'l Alliance for Accessibility, Inc. v. Belk, Inc.*,
    No. 5:12-CV-00386, 2013 WL 1614672 (E.D.N.C. Apr. 15, 2013) ................. 11

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978).............................................................................................. 16

*Pedroli ex rel. Microtune, Inc. v. Bartek*,
    251 F.R.D. 229 (E.D. Tex. 2007)...................................................................................... 11

*Provanzano v. Parker*,
    796 F. Supp. 2d 247 (D. Mass. 2011) ............................................................................. 12

*Range v. Brubaker*,
    No. 3:07-CV-480, 2008 WL 474211 (N.D. Ind. Feb. 19, 2008) ......................................12

*Thah Sin v. Massachusetts Dep't of Corr.*,
    No. 10-402226-FDS, 2012 WL 1570810 (D. Mass. May 2, 2010) ................................... 13

*Tschirn v. Kurzweg*,
    No. 03-0369, 2003 WL 21087741 (E.D. La. May 8, 2003).............................................. 11

*Whittingham v. Amherst College*,
    164 F.R.D. 124 (D. Mass. 1995)...................................................................................... 16

*Wilcox Indus. Corp. v. Hansen*,
    279 F.R.D. 64 (D.N.H. 2012) .................................................................................. 12, 15

*Wilkes v. Heritage Bancorp, Inc.*,
    767 F. Supp. 1166 (D. Mass. 1991) ................................................................................ 13

*Winchester Capital Mgmt. Co. v. Manufacturers Hanover Trust Co.*,
    144 F.R.D. 170 (D. Mass. 1992)...................................................................................... 17

## RULES

FED. R. CIV. 26(b)(1)................................................................................................................ 16

FED. R. CIV. P. 26(d)....................................................................................................... passim

FED. R. CIV. P. 26(f)........................................................................................................ passim

FED. R. CIV. P. 26(f) (2) ............................................................................................................ 9

L.R. 16.1(B). .............................................................................................................................. 8

## OTHER AUTHORITIES

Advisory Comm. Notes to 2000 Am.. to FED. R. CIV. 26(b)(1). .................................................. 16

## I.    __INTRODUCTION__

Plaintiff Millennium Laboratories, Inc. ("Millennium") asks this Court to compel Defendant Ameritox, Ltd. ("Ameritox") to produce documents in response to discovery that violates the Federal Rules of Civil Procedure.  Millennium's Motion to Compel should be denied because a Rule 26(f) conference has not occurred.  Under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, Ameritox is not required to have participated in a Rule 26(f) conference because no date has been set for the Rule 16 conference.  For this reason alone, Millennium's Motion to Compel should be denied.

Moreover, contrary to Millennium's assertions, Ameritox has never refused to participate in a Rule 26(f) conference.  Rather, Ameritox rejected Millennium's attempts to link the Rule 26(f) conference to an extension of time to respond to the Complaint.  Millennium cannot now benefit from its attempt to unilaterally control the discovery schedule and force Ameritox into a scheduling conference before responding to the Complaint.

Millennium's argument also ignores the lengthy list of facts that indicate that a Rule 26(f) conference was not (and is not) practicable at this time.  These facts include:

- the parties have been engaged in extensive litigation across the country since 2010;
- this Complaint repeats factual allegations and legal claims brought in at least three other litigations;
- two other jurisdictions have rejected Millennium's attempts to bring these same claims (the third was voluntarily dismissed by Millennium);
- Millennium repeatedly requested the scheduling of the Rule 26(f) conference before the parties agreed to a date for Ameritox to respond to the Complaint; and
- Ameritox would (and did) file a substantive motion seeking to dismiss the Complaint on claims-splitting grounds.

Because these factors illustrate the impracticability of a Rule 26(f) conference, Millennium's

Motion to Compel must fail.

Millennium's Motion to Compel also fails because Millennium has disregarded Rule 26(d)(1), which prohibits any discovery until after a Rule 26(f) conference unless ordered by the court. Millennium admits that the parties have not yet engaged in a Rule 26(f) conference and the Court has not ordered discovery. Millennium has neither requested nor obtained a court order expediting discovery and cannot demonstrate the need for expedited discovery.

Finally, Millennium inappropriately contends that Ameritox is refusing to participate in discovery by seeking to stay discovery and filing extensive objections rather than producing documents. Millennium is simply wrong. As explained in detail below, discovery has not yet begun. Nevertheless, Ameritox took all reasonable steps to preserve its rights and protect its interests while complying with both the Federal and Local Rules. Ameritox will supplement its discovery responses at such time as it is required to do so under the Federal and Local Rules, or by order of this Court.

## II.   BACKGROUND

### A.   Litigation History Between the Parties and the Similarity Between Millennium's Claims Against Ameritox

Ameritox and Millennium are competitors in the urine drug testing business. Since 2010, the parties have been engaged in extensive litigation throughout the country. Declaration of Paul W. Shaw ("Shaw Decl.") at ¶ 2. This case is the seventh litigation between these parties since 2010.[1]  *Id.*

As discussed in more detail in Ameritox's Memorandum in Support of its Motion to

---

[1]      Millennium also engaged in a number of additional lawsuits against other competitors of Ameritox and Millennium, including several suits brought by Millennium against Calloway Laboratories, Inc. and Aegis Sciences Corporation.  *See* Shaw Decl. at ¶ 3.

Dismiss[2] (Docket ("Dkt") No. 14), several of the litigations between Millennium and Ameritox contain duplicative claims and factual allegations.   Dkt 14.   Specifically, Millennium has attempted (but failed) to bring claims against Ameritox based on nearly identical factual allegations in lawsuits in the United States District Court for the Middle District of Florida ("Florida litigation"), a Nebraska state court ("Nebraska litigation"), and in the United States District Court for the Southern District of California ("California litigation"). *Id.* at 1.

        1.   <u>The Florida litigation</u>

In the Florida litigation, Millennium filed counterclaims against Ameritox based in part upon an alleged "Dear Doctor" letter and a settlement entered into by Ameritox with the United States Department of Justice and the Office of the Inspector General ("DOJ/OIG Settlement"), which led to significant civil penalties and the execution of a Corporate Integrity Agreement ("CIA").   *See* Dkt 14, Ex. C at ¶¶ 2-7, 15-29, 31-32, 34, 37-38, 42, 63-64, 70-71, 78, 81, 87. Thereafter, Millennium amended its counterclaims, dropping its allegations regarding the "Dear Doctor" letter but maintaining the allegations about the DOJ/OIG settlement and the CIA.   *See* Dkt 14, Ex. D at ¶¶ 3, 5, 15-17.

On February 21, 2013, long after the time to amend the pleadings expired, Millennium attempted to amend its counterclaims.   *See* Dkt 14, Exs. E-G.   Although Millennium sought to add new allegations regarding Ameritox's alleged encouragement of a federal grand jury investigation into Millennium's practices and several lawsuits by former Millennium employees, and the facilitation of an article published by Reuters, a well-renowned news service, Millennium admitted that these claims were based on essentially the same conduct alleged in the original and first amended counterclaims.   *See* Dkt 14, Ex. E at pg. 9-10, 20.   After extensive

---

[2]      Ameritox incorporates by reference the facts and arguments set forth in its Memorandum in Support of its Motion to Dismiss. Dkt. 14.

briefing, on April 18, 2013, the court in the Florida litigation rejected Millennium's attempts to amend the counterclaims.  *See* Dkt 14, Ex. G at 2.

2.    The Nebraska litigation

On February 27, 2013, just six days after seeking leave to amend its counterclaims in the Florida litigation, Millennium filed the Nebraska litigation.  *See* Dkt 14, Ex. L.  Millennium brought the Nebraska litigation against one of Ameritox's employees, but set forth essentially the same allegations contained in the proposed amended counterclaims in the Florida litigation.  *Id.* at ¶¶ 2-3, 20.   Specifically, the Nebraska litigation alleged that an Ameritox employee improperly distributed a copy of the Reuters article to a Millennium customer.  *Id.*  The lawsuit also contained a significant number of factual allegations about Ameritox and its business practices, including allegations regarding the DOJ/OIG settlement and Ameritox's alleged encouragement and facilitation of the grand jury investigation and other litigation by former employees.  *Id.* at ¶¶ 1-2, 5, 16-18, 26, 3.  After briefing on a motion to dismiss, the court recently dismissed the Nebraska litigation in its entirety on the grounds that Millennium's claims were barred by *res judicata*.  *See* Shaw Decl., Exhibit A.

3.    The California Litigation

On April 23, 2012, Millennium filed the California litigation alleging a variety of state and federal false advertising laws, trade libel and unfair competition arising from an Ameritox press release entitled "Ameritox Counters Competitor's Misleading Statements."  *See* Dkt 14, Ex. O.  This complaint also contained numerous allegations concerning Ameritox's business, the quality of its services, the litigations and investigations involving Ameritox and Ameritox's DOJ/OIG settlement and CIA.  *Id.* at ¶¶ 11-13, 20, 24.  After Ameritox served a motion to dismiss but before the motion was decided, Millennium voluntarily withdrew the entire lawsuit. *See* Dkt 14, Ex. Q.

4.     The Current Massachusetts Litigation

On July 17, 2013, after the Florida court rejected Millennium's request and after a motion to dismiss the Nebraska litigation was filed, Millennium filed the present action against Ameritox. *See* Dkt 1. Akin to the Florida, Nebraska and California litigations, the Complaint pleads allegations regarding Ameritox's DOJ/OIG settlement and the CIA, the purported "Dear Doctor" letter, Ameritox's encouragement or funding of the former employee litigation and the grand jury investigation into Millennium's practices, and the alleged distribution of the Reuters article. *Id.* at ¶¶ 3-7, 23-28, 31-35, 37, 39-40. Based on these allegations, Millennium once again brought claims for violation of the Lanham Act, claims for consumer protection or unfair and deceptive trade practices, claims for common law unfair competition and claims for tortious interference with business relationship. *Id.* at ¶¶ 107-197.

**B.     Millennium's Attempt to Condition an Extension of Time to Respond with the Rule 26(f) Conference**

Millennium filed this Complaint on July 17, 2013, and served it on Ameritox on or about July 18, 2013. *See* Shaw Decl. at ¶ 5. Shortly thereafter, Ameritox requested an extension of time to respond to the Complaint. *Id.*

On July 26, 2013, Millennium's counsel responded, refusing to grant the requested extension, but noting that it would provide a reduced extension <u>if</u> Ameritox agreed to (1) have a Rule 26(f) conference by August 14, 2013 (a date less than 30 days from the date the Complaint was filed) and (2) jointly move for a scheduling conference on or before August 21, 2013. *See* Dkt 20, Declaration of Peter Simshauser ("Simshauser Decl."), Ex. 4. Interestingly, counsel's email indicates that he anticipated that Ameritox would file a motion to dismiss and that the parties would engage in extensive briefing over the next couple of months. *Id.*

In light of this acknowledgment, Ameritox's counsel responded to Millennium's

conditioning of the extension of time to respond to a Rule 26(f) conference by stating that Ameritox was "not willing to set a deadline for a Rule 26(f) conference." Simshauser Decl., Ex. 4. Thereafter, counsel for Ameritox requested a more limited extension of time to respond to the Complaint and Millennium again sought to condition the extension on the scheduling of a Rule 26(f) conference, stating "[i]f Ameritox is unwilling to discuss the Rule 26(f) conference, we will be unable to agree to its request for an extension of the response date." Simshauser Decl., Ex. 5. Ameritox noted that it disagreed with Millennium's conditioning the response date and the Rule 26(f) conference, and stated that if Millennium would not agree to an extension, Ameritox would seek an extension from the Court. *Id.* On August 6, 2013, Millennium acquiesced to the extension, which permitted Ameritox a total of 45 days to respond to the Complaint and Millennium 45 days to file an opposition. *Id.*

On August 8, 2013, Ameritox filed an Assented-To Motion for Extension of Time To Respond. *See* Dkt 8. On August 12, 2013, the Court granted the Motion, setting September 3, 2013, as the date for Ameritox to respond to the Complaint and setting October 18, 2013 as the date for Millennium to respond to any motion filed by Ameritox. *See* Dkt 11. On August 12, 2013, the same day as the Court's order, Millennium served the disputed discovery on Ameritox. *See* Simshauser Decl., Ex.t 1.

Significantly, Millennium never sought to schedule a Rule 26(f) conference apart from its attempts to link the Rule 26(f) conference to Ameritox's request to extend the time to respond. Between August 6, 2013 (when Millennium agreed to a brief extension) and August 12, 2013 (when the Court granted the extension and Millennium served its discovery), Millennium neither contacted Ameritox's counsel nor requested the scheduling of a Rule 26(f) conference. Shaw Decl. at ¶ 8. Instead, Millennium unilaterally decided that Ameritox's position in refusing to

discuss a Rule 26(f) conference in the context of an extension of time constituted a breach of Rule 26(f) thereby permitting it to utterly disregard Rule 26(d)(1).

### C.     <u>Discovery Sought By Millennium and Ameritox's Objections</u>

Millennium's First Request for the Production of Documents ("Requests") consists of sixty (60) requests for documents. Simshauser Decl., Ex. 1. Millennium's Requests seek a broad swath of documents (including documents related to unserved interrogatories, trial evidence, and experts) but focuses on documents related to Ameritox's potential involvement with litigation between Millennium and its former employees, the litigation between Millennium and its other competitors, the grand jury investigation into Millennium's practices, and the Reuter's article as well as any information that Ameritox sales associates may have used or communicated regarding those issues. *Id.*

Since the parties had not yet engaged in a Rule 26(f) conference and Ameritox's Motion to Dismiss had just been filed with the Court, Ameritox communicated with Millennium requesting that the parties extend the time to respond to Millennium's Requests. Simshauser Decl., Ex. 6. Millennium rejected this request, and on September 11, 2013, Ameritox served its objections to Millennium's Requests. *Id.*

### III.   <u>ARGUMENT</u>

### A.     <u>Millennium's Motion to Compel Discovery Is Improper because a Rule 26(f) Conference Has Not Occurred and Is Premature.</u>

        1.     <u>The deadline for a Rule 26(f) conference has not yet passed.</u>

Under Rule 26(f), for discovery planning purposes, "the parties must confer as soon as practicable – and in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f). Millennium's entire motion is based upon the phrase "as soon as practicable." *See* Dkt 19. Millennium ignores Local Rule

16.1(B) of this Court which omits the "as soon as practicable" language but tracks the remainder of Rule 26(f) in that "unless otherwise ordered by the judge, counsel for the parties must, pursuant to Fed. R. Civ. P. 26(f), confer at least 21 days before the date for the scheduling conference." L.R. 16.1(B).

Under both Local Rule 16.1(B) and Federal Rule 26(f) the parties have until "21 days before a scheduling conference is to be held or a scheduling order is due" to complete the Rule 26(f) conference. *See* FED. R. CIV. P. 26(f). Respectfully, this Court has not yet scheduled a Rule 16 conference. Thus, Millennium's complaint that Ameritox has not yet participated in a Rule 26(f) conference is contrary to the requirements of Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(B).

2.     <u>Millennium cannot unilaterally control the timing of the Rule 26(f) conference.</u>

Nothing in the rules permits one party to unilaterally control the flow of discovery by demanding that a Rule 26(f) conference take place. A party cannot simply propound discovery because the other side has not responded to its demand for a discovery conference in the time or manner it requested.[3] *See Citizens for Responsibility and Ethics v. Exec. Office of the President*, No. 07-1707, 2008 WL 29321733, at *4-5 (D.D.C. July 29, 2008) (rejecting motion to compel Rule 26(f) conference where party gave other side eight days to consider time to schedule conference). Rather, the Rules demonstrate that the parties should work together in scheduling a mutually agreeable time to engage in the Rule 26(f) conference. *See* FED. R. CIV. P. 26(f)(2) (the

---

[3]     Millennium cites no cases supporting the position that a party may proceed to serve discovery if a party purportedly refuses to participate in a Rule 26(f) conference. The two cases cited by Millennium in support of its argument that Ameritox failed to confer show that Millennium should have either asked for expedited discovery (*Mack University, LLC v. Halstead*, No. SA-CV-07-393, 2007 WL 4458823, at *4 (C.D. Cal. Sept. 25, 2007)) or filed a motion to compel participation in a Rule 26(f) conference (*ING Bank, FSB v. Fahaz*, No. CV-S-09-1174, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009)). Moreover, unlike the party in *Mack*, this Court has not yet ordered the parties to participate in a Rule 26(f) conference. *See* 2007 WL 4458823 at *4.

parties are "jointly responsible for arranging the conference.").

Millennium always linked the Rule 26(f) conference with the discussion on an extension of time to respond to the Complaint. Ameritox never stated that it was unwilling to engage in a Rule 26(f) conference; rather Ameritox's counsel indicated that it would not engage in a discussion about a Rule 26(f) conference that was coupled to a discussion about the time to respond to the Complaint. *See* Simshauser Decl., Exs. 3-5. Specifically, Ameritox's counsel stated that he would not set a deadline by which the conference would need to occur and noted Ameritox's disagreement with Millennium's position that a Rule 26(f) conference should be scheduled while the parties negotiated over an extension of time to respond to the Complaint. *Id.* Millennium, based solely on Ameritox's refusal to combine discussions about the extension of time and the Rule 26(f) conference, unjustifiably concluded that Ameritox would not engage in a Rule 26(f) conference.[4]

As Ameritox repeatedly represented to Millennium, when this Court schedules a Rule 16 conference, Ameritox will timely participate in a Rule 26(f) conference. *See* Simshauser Decl. at ¶ 9. Millennium's entire motion to compel is therefore premature, and Millennium's attempt to circumvent Fed. R. Civ. P. 26(f) and Local Rule 16.1(B) to improperly obtain early discovery should be denied.

3.  <u>The scheduling of a discovery conference is not and has never been practicable.</u>

Even when the "as soon as practicable" language of Federal Rule 26(f) is considered, Millennium's request for a Rule 26(f) scheduling conference is premature. The Federal Rules of Civil Procedure do not define "as soon as practicable," and Ameritox has not found any case

---

[4] Ameritox admits that it did not raise the issue of a Rule 26(f) conference after the parties agreed to an extension of time to respond. Ameritox notes, however, that it essentially had no opportunity to do so because Millennium waited just **six days** before serving its discovery.

where a court interpreted that term. It is submitted that whether something is practicable is a factual determination based on the circumstances in a particular case. The facts here show, beyond a shadow of a doubt, that a Rule 26(f) conference was not practicable at the time it was proposed by Millennium's counsel.

When Millennium sought a Rule 26(f) conference, the parties were engaged in a discussion regarding an extension for Ameritox to respond to the Complaint. Millennium attempted to tie its approval of any extension to a guaranteed time by which the Rule 26(f) conference would occur. Millennium also sought to have the Rule 26(f) conference before Ameritox responded to the Complaint. At the time Ameritox rejected Millennium's demand, both parties knew the following facts:

- Millennium and Ameritox are engaged in heated litigations throughout the country. Dkt. 14 (Memo. In Support of Motion to Dismiss) at 1.
- The factual allegations and legal claims asserted in the Complaint are nearly identical to those Millennium has attempted to bring against Ameritox or its employees in at least three other jurisdictions. *Id.* at 3-7.
- Ameritox intended to move to dismiss the Complaint on claim splitting grounds because the claims were previously brought and rejected in the Florida, Nebraska and California litigations. Simshauser Decl., Exs. 3-5, Dkt 14.

In light of these facts, it was not practical to have a discovery conference before such time as the Court ruled on the Motion to Dismiss and legitimized this action, much less before Ameritox responded to the Complaint as was demanded by Millennium

Perhaps more importantly, a discovery conference remains impracticable at this time. On September 4, 2013, three weeks <u>after</u> Millennium served its discovery, Ameritox filed its Motion to Dismiss on the well-founded grounds that the Complaint constitutes improper claims splitting. *See* Dkt 14. Additionally, Ameritox will be serving a Rule 11 Motion for Sanctions on Millennium seeking fees and costs based on its pattern of bringing claims against Ameritox that have been squarely rejected by other courts. Given the factual history between these parties, the

pending Motion to Dismiss and the Motion for Sanctions that will be served by Ameritox, engaging in a discovery conference and beginning full-fledged discovery would be a waste of time and resources. Based on the procedural posture of this case, the Court should not grant Millennium's request for an order compelling Ameritox to participate in a Rule 26(f) conference because it is not yet practicable.

4.      No Rule 26(f) conference should occur during the pendency of Ameritox's Motion to Dismiss.

Though Millennium cites a few cases where courts compelled Rule 26(f) conferences during the pendency of a motion to dismiss, it ignores the significant case law holding that a Rule 26(f) conference is not appropriate while a motion to dismiss is before the court. "District courts exercise broad discretion to manage discovery matters." *See, e.g.*, *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Numerous courts have used this discretion to postpone Rule 26(f) conferences until such time as the court decides a motion to dismiss. *See, e.g., Alpha Kappa Alpha Sorority Inc. v. Converse Inc.*, 175 Fed. Appx. 672, 682 (5th Cir. 2006) (noting court did not abuse discretion by delaying Rule 16 and Rule 26(f) conferences); *Nat'l Alliance for Accessibility, Inc. v. Belk, Inc.*, No. 5:12-CV-00386, 2013 WL 1614672, at *1 (E.D.N.C. April 15, 2013) (noting that Court continued Rule 26(f) conference and postponed entry of Rule 16 scheduling order pending ruling on motion to dismiss); *Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230-231 (E.D. Tex. 2007) (delaying the Rule 26(f) until decision on motion to dismiss); *Tschirn v. Kurzweg*, No. 03-0369, 2003 WL 21087741, at *2 (E.D. La. May 8, 2003) (staying discovery until ruling on motion to dismiss and providing that Rule 26(f) conference should not occur until stay lifted).

**B.** **Millennium's Motion to Compel Should Be Denied because Its Service of Discovery Violated Rule 26(d)(1).**

1. Rule 26(d) prohibits discovery before a Rule 26(f) conference.

Rule 26(d) states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). Apart from certain exceptions not applicable here, Rule 26(d)(1) prohibits all discovery that occurs before a Rule 26(f) conference. *See Laughlin v. Orthfix Int'l, N.V.*, No. 05-10557, 2013 WL 1458018 at *1 (D. Mass. Apr. 10, 2013); *Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 67 (D.N.H. 2012); *Provanzano v. Parker*, 796 F. Supp. 2d 247, 257 (D. Mass. 2011) (noting discovery not allowed without Rule 26(f) conference); *Coit v. Sutton Funding LLC*, No. 10-0436, 2010 WL 2573368, at *1 (D. Ariz. June 22, 2010) ("In this case, there was no Rule 26(f) conference and, as a result, discovery was not authorized."); *Brinkley v. South Car. Dep't of Corr.*, No. 6:07-3626, 2008 WL 786271, at *1 (D.S.C. Mar. 21, 2008) (quashing subpoena served prior to Rule 26(f) conference); *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 474211, at *3 (N.D. Ind. Feb. 19, 2008) ("[I]t was inappropriate for Plaintiff to be seeking discovery [before Rule 26(f) conference].").

Millennium cannot ignore its obligations under Rule 26(d) by asserting that Ameritox refused to agree to hold a Rule 26(f) conference made before Ameritox appeared in the case and before a response to the Complaint was due. Rather, Millennium could have moved for expedited discovery or requested the Court set a Rule 16 conference date. Millennium chose to take neither step and is not entitled to benefit from its own imprudent choices. *See, e.g., Provanzano*, 796 F. Supp. 2d at 257 (granting protective order requiring withdrawal of premature

discovery); *Felix v. Donnelly*, No. 12-10997, 2012 WL 4936499, at *1 (D. Mass. Oct. 11, 2012) (denying motion to admit where party prematurely served request for admissions); *Citizens*, 2008 WL 29321733, at *4-5 (rejecting motion to compel Rule 26(f) conference where party gave other side eight days to consider time to schedule conference).

Contrary to Millennium's accusations, Ameritox has neither sought to stay discovery nor stated that it would not engage in discovery. Rather, Ameritox's words and actions demonstrate that it will participate in discovery when it is required under the provisions of Rule 26. Millennium, however, misconstrued Ameritox's request to extend the time to respond to Millennium's Requests as an attempt to stay discovery. Ameritox did not ask to stay discovery because discovery is not permitted since the parties have not yet engaged in a Rule 26(f) conference. Accordingly, there is nothing to stay.[5] The email to Millennium's counsel on September 10, 2013, merely proposed a solution to avoid unnecessary motion practice. *See* Simshauser Decl., Ex. 6. Indeed, Ameritox sought to extend the time to respond until after a ruling on the Motion to Dismiss and the Rule 26(f) conference so Ameritox could provide full responses and objections and a privilege log and make a production of responsive relevant and non-privileged documents with the appropriate safeguards in place (i.e. protective order, confidentiality agreement, claw back provision, etc.). Because Millennium propounded its discovery in violation of Rule 26(d)(1), Ameritox's request for an extension of time on its responses to Millennium's discovery is reasonable.

---

[5] To the extent that the Court finds that discovery is proper, Ameritox has sufficient grounds to seek a stay of discovery. In fact, judges from this District have invariably exercised their discretion to stay discovery and conserve the parties' resources while a motion to dismiss is under review. *See Wilkes v. Heritage Bancorp, Inc.*, 767 F. Supp. 1166, 1168 (D. Mass. 1991) (staying discovery during pendency of motion to dismiss); *Bettencourt v. Board of Reg. in Med.*, 721 F. Supp. 382, 383 (D. Mass. 1989) (same); *Thah Sin v. Massachusetts Dep't of Corr.*, No. 10-402226-FDS, 2012 WL 1570810, at *7 (D. Mass. May 2, 2010) (same); *cf. J.J. Reidy & Co., Inc. v. Airwater Corp.*, No. 05-40049-FDS, 2005 WL 3728726, at *8 (D. Mass. Sept. 27, 2005) (lifting discovery stay after denying motion to dismiss).

2.  <u>Millennium cannot demonstrate any good cause to expedite discovery under Rule 26(d)(1).</u>

If a party wants expedited discovery before conferring pursuant to Rule 26(f), it must first seek that relief from the Court.  *See Laughlin*, 2013 WL 1458018, at *1; *Momenta Pharms., Inc. v. Teva Pharms. Inds. Ltd.*, 765 F. Supp. 2d 87, 88-89 (D. Mass. 2011); *Estelle v. FMC Techs.*, No. 07-01559, 2007 WL 3231542, at *3 (E.D. La. Oct. 29, 2007) (plaintiff violated Rule 26(d) by unilaterally serving discovery before Rule 26(f) conference).  To obtain expedited discovery before a Rule 26(f) conference, a party must show good cause exists to justify such discovery. *Laughlin*, 2013 WL 1458018, at *1; *Momenta Pharma., Inc.*, 765 F. Supp. 2d at 88-89. Millennium never moved this Court for expedited discovery nor makes any suggestion that good cause exists for any expedited discovery.

This Court has adopted two tests to determine whether expedited discovery is appropriate -- either a four part inquiry similar to a preliminary injunction standard or a reasonableness standard that assesses the reasonableness of the request in light of the circumstances.  *Laughlin*, 2013 WL 1458018, at *1.[6]  Here, regardless of the standard applied, no good cause exists.

First, Millennium has little probability of success on the merits.  As Ameritox discusses above and in detail in its Motion to Dismiss, this litigation is Millennium's fourth attempt to bring the same claims against Ameritox.  Ameritox has successfully defeated Millennium's prior attempts and believes that its arguments regarding claims splitting will succeed in dismissing this suit.  *Laughlin*, 2013 WL 4158018, at *2 (denying motion for expedited discovery where party

---

[6]  Under the preliminary injunction test, the court looks to see whether the party seeking discovery has shown: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the requested discovery and the avoidance of irreparable harm; and (4) evidence that the injury resulting from lack of discovery will be greater that if the discovery were made available.  *Laughlin*, 2013 WL 1458018, at *1 (citing *Edgenet, Inc. v. Home Depot USA, Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009)).  Under the reasonableness test, the court will review a variety of factors, including the purpose of the discovery, the need for the discovery to prevent irreparable harm; the plaintiff's likelihood of success on the merits; the burden of discovery on the defendant; and the degree of prematurity.  *Id.* (citing *Momenta*, 765 F. Supp. 2d at 89) (internal citations and quotations omitted).

identified no harm or reasons why it would be successful on the merits of the case).

Second, Millennium has not and cannot show any irreparable injury that it would incur by waiting a reasonable time before engaging in a true, substantive Rule 26(f) conference. *See, e.g., Momenta*, 765 F. Supp. 2d at 89-90 (finding that plaintiff failed to demonstrate "an urgent and compelling need for the requested discovery" and reasoning that "[t]he majority of courts have held, however, that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery.")

Finally, Millennium propounded its sixty discovery requests covering numerous categories of documents just over three weeks after the Complaint was filed and more than three weeks before Ameritox was scheduled to respond to the Complaint.  Millennium's discovery is excessively premature and can be seen as nothing more than an attempt to harass Ameritox, obtain information before the action is dismissed, all in an effort to support Millennium's other litigations against Ameritox or former Millennium employees.  *See Wilcox*, 279 F.R.D. at 71 (rejecting motion for expedited discovery in part because of its prematurity).

For these reasons, Millennium cannot establish good cause for expedited discovery, and its discovery is premature in violation of Rule 26(d)(1).

**C.**    <u>**Millennium Failed to Meet Its Burden to Show Any Correlation Between Its Document Requests and the Claims and Defenses Pending in This Case.**</u>

Millennium's motion to compel Ameritox to produce documents in response to all sixty requests for production should be denied for several reasons.  First, as explained above, Millennium's document requests are premature and in violation of Rule 26(d).

Second, under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery "regarding any nonprivileged matter that is ***relevant to any party's claim or defense*** . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

(emphasis added); *see also In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008).[7]

Relevancy thus is not infinitely broad and may be limited. *See id.* Millennium made no effort to

analyze any of its **sixty** document requests to Ameritox or to show any correlation between the

claims and defenses pending in this case and the topics of discovery sought in its document

requests. *See* Dkt. 19. "The district court has the discretion to limit discovery." *Ameristar Jet*

*Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001). This Court should

deny Millennium's request for discovery where Millennium has made no effort to show any

alleged relevancy of the discovery it seeks.

Third, Millennium's insinuation that the Objections served by Ameritox in response to

Millennium's Requests are somehow improper and demonstrate Ameritox's refusal to

appropriately respond is unfounded. Nothing can be further from the truth. Millennium's

improper service of discovery put Ameritox in the proverbial "Catch-22." Ameritox could not

just object on the grounds that discovery was premature. Local Rule 26(C)(1) states that "any

grounds not stated in an objection within the time provided by the Federal Rules of Civil

Procedure, or any extension thereof, shall be deemed waived." If Ameritox had objected only on

the grounds that Millennium's discovery was premature and was improper, Millennium would

argue that Ameritox waived its objections. Thus, to preserve all its rights and interests, Ameritox

articulated all objections that might apply to the sixty requests. Ameritox properly responded to

---

[7]         Millennium's reliance upon *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and *Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995), to suggest a broader scope of discovery relating to "any matter that could bear on, any issue that is or may be in the case" is misplaced. Dkt. 19 at 13. In 1978 when *Oppenheimer* was decided, Rule 26(b)(1) allowed "discovery regarding any matter, not privileged, which [was] relevant to the subject matter involved in the pending action, whether it relate[d] to the claim or defense of the party seeking discovery . . . ." FED. R. CIV. P. 26(b)(1) (1978). Rule 26(b)(1), however, was amended in 2000 to omit the "subject matter" language to narrow the scope of discovery to decrease litigation expenses. *See* FED. R. CIV. 26(b)(1); *see also* Advisory Comm. Notes to 2000 Am. to FED. R. CIV. 26(b)(1). Thus, under the current version of Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that is "reasonably calculated to lead to the discovery of admissible evidence." Millennium would have to show good cause for any broader discovery, and it made no effort to do so in its Motion. *See* Dkt 19; *see also In re Subpoena to Witzel*, 531 F.3d at 118.

each particular request individually and delineated the exact objections and privilege assertions applicable to that specific request.  Contrary to Millennium's assertion, Ameritox did not just repeat the exact same boilerplate objection in response to each request.

Fourth, Millennium's complaint that Ameritox has not yet produced a privilege log is baseless.  Because discovery has not yet opened in this case, Ameritox is under no obligation to produce a privilege log at this time.  *See Winchester Capital Mgmt. Co. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. Mass. 1992) (a privilege log is not required until compliance is required).

Finally, Ameritox reiterates that it fully intends to supplement its Objections with supplemental responses, the production of responsive relevant and non-privileged documents, and an appropriate privilege log at such time as is required by the Court or by the Rules.  Given the circumstances of this case and the litigious history between the parties, Ameritox is not required to provide any more details on the relevancy, privilege or burden issues at this time.  As the Court can perceive many of Millennium's purported concerns will likely be resolved by a decision on the Motion to Dismiss and if not, via a Rule 26(f) conference, the court's Rule 16 Order or future discussion between the parties.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Ameritox respectfully requests that this Court deny Millennium's Motion to Compel and order that a Rule 26(f) conference is not required until such time as the Court rules on Ameritox's Motion to Dismiss and schedules a Rule 16 conference.

Respectfully submitted,

Ameritox, Ltd.
By their attorneys,

Dated:  October 4, 2013                           */s/ Paul W. Shaw*_____

Paul W. Shaw (BBO# 455500)
Stacey L. Gorman (BBO# 655147)
K&L GATES LLP
State Street Financial Center
1 Lincoln Street
Boston, MA 02111
Paul.shaw@klgates.com
Stacey.gorman@klgates.com
617.261.3100

Michael R. Osterhoff
Adam L. Marchuk
Heather A. Boice
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8500
MOsterhoff@perkinscoie.com
AMarchuck@perkinscoie.com
HBoice@perkinscoie.com

*Counsel for Defendant Ameritox, Ltd.*

## CERTIFICATE OF SERVICE

I, Paul W. Shaw, certify that a true copy of the foregoing document (Opposition to

Plaintiff Millennium Laboratories, Inc.'s Motion to Compel), filed through the Court's ECF

system, will be served upon the registered participants identified on the Notice of Electronic

Filing and paper copies will be sent to those indicated as non-registered participants on this 4th

day of October 2013.

*/s/ Paul W. Shaw*_____